### J. W. SIMRALL, ET AL. v. J. P. MORTON.

[Manuscript Opinion, 1885.]

**Attorneys' Contract for Services.**

When attorneys contract to begin and carry on litigation for a per centage of the recovery, and nothing is recovered, they are entitled to no compensation unless they were prevented from recovering by the action of their client.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

December 10, 1885.

OPINION BY JUDGE PRYOR:

In response to the petition for rehearing in this case it may be proper to extend the opinion. It is insisted by the appellee that the arrangement by which the appellee secured his debt, viz., the purchase of the road, was within the scope and meaning of the contract under which they undertook to prosecute appellee's claim. This is controverted by the appellee, and the construction of their agreement must be adhered to as found in the opinion already delivered. But it is said by the appellants, "We are entitled to the value of the services rendered up to the time this syndicate was formed and the civil proceeding abandoned." If the question as to whether the appellee should proceed with the suits or adopt the idea of purchasing the road in order to make his money was left to his own judgment and he saw proper to stop the litigation, then we perceive no reason why the appellants should not be paid a reasonable compensation for the labor they had performed. If on the other hand the advice of appellants to the appellee was to the effect that the litigation was useless and no recovery so as to enable him to make his money could be had by litigation, then the letter and spirit of the agreement would leave appellants without remedy for

the services rendered.  This exclusion is made part of the original opinion.  Petition overruled.

*A. P. Humphrey, for appellants.*

*Barnett, Noble & Barnett, Dodd & Dodd, for appellee.*

[Cited, *Morton v. Hallam*, 89 Ky. 171, 11 Ky. L. 447, 12 S. W. 187.]